```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/9/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

203 East Fordham, LLC,

        Plaintiff,

-against-

Jako Enterprises, LLC,

        Defendant.

24-CV-2264 (VM) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during the July 8, 2025 conference, and summarized here:

1. Plaintiff's letter-motion seeking leave to file a Second Amended Complaint (SAC) (Dkt. 36) is GRANTED. Under Rule 15(a)(2), leave to amend is to be "freely" given when justice so requires, and under Rule 16(b)(4), a pretrial schedule may be modified for "good cause." Thus, "[a] district court has broad discretion in determining whether to grant leave to amend." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). In this case, permitting the requested amendment would advance the ultimate resolution of this action far more efficiently and fairly than any of the alternatives discussed during the July 8 conference. Further, as became clear during the July 8 conference, only a modest extension of the discovery period will be required. *See* ¶ 2 below. The SAC must be filed promptly – by close of business today – and the parties must comply with the modified discovery schedule set out below.

2. Plaintiff's letter-motion seeking a discovery extension (Dkt. 40) is GRANTED to the extent that the parties' discovery deadlines are modified as follows:

    a. If and to the extent the filing of the SAC requires any additional disclosures pursuant to Fed. R. Civ. P. 26(a)(1), the parties must exchange those disclosures no

        later than **July 23, 2025**. If a party believes that no additional disclosures on its part are required, it shall so advise the opposing party or parties in writing.

    b.     Defendant must answer or otherwise respond to the SAC no later than **July 23, 2025**.

    c.     All remaining fact discovery must be completed no later than **September 30, 2025**, including the continued Rule 30(b)(6) deposition discussed in ¶ 3 below.

    d.     Plaintiffs' expert report(s), if any, must be served no later than **October 31, 2025**.

    e.     Defendant's expert report(s), if any, must be served no later than **December 1, 2025**.

    f.     Expert depositions must be completed no later than **January 27, 2025**.

    g.     All discovery must be completed no later than **January 27, 2025**.

    h.     The Court will hold a status conference on **October 6, 2025, at 11:00 a.m.**, in Courtroom 20A, 500 Pearl Street, New York, New York, 10007. One week prior to the conference (that is, no later than **September 29, 2025**), the parties must submit a joint status letter outlining the progress of discovery, as well as any settlement efforts.

3.     Defendant's letter-motion to compel plaintiff and Fordham Chera to designate a competent Rule 30(b)(6) witness and for related relief (Dkt. 34) is DENIED without prejudice to renewal, if necessary, after the parties have met and conferred in a good-faith effort to agree upon the date, time, and topics for the continued Rule 30(b)(6) deposition of plaintiff and Fordham Chera. Defendant may conduct the continued deposition in person, in New York, at the premises of plaintiff's counsel. No later than **July 23, 2025**, the parties must submit a joint letter confirming that they have made the necessary arrangements. If they cannot do

    so, defendant must, on that date, file its motion to compel, which will be governed by Local Civil Rule 6.1(a).

4.  Plaintiff's motion to seal the Althkefati deposition transcript (Dkts. 53, 54) is DENIED, without prejudice to renewal. Plaintiff has not met its burden of showing that the significant redactions it proposes to the transcript are necessary to protect its commercial interests (or the witness's privacy interests) and "narrowly tailored to serve that interest," as required by *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks and citation omitted), and its progeny. By way of example, the fact that Mr. Althkefati appeared as the corporate representative of both plaintiff and Fordham Chera (Tr. at 5:10-18) – which has been discussed freely in letters filed publicly on the docket – could not possibly qualify for redaction. Nor has plaintiff explained why the public cannot be allowed to know that Mr. Althkefati previously testified as a witness in unrelated matters (discussed only in generic terms), *see id*. at 8:5-9:2; that he first became involved in "this project" (presumably meaning the lease between Fordham Chera and defendant, which is the subject of this action) in 2022, *see id*. at 13:12-25; or the steps that he took to prepare for his deposition. *See id*. at 16:9-17:21, 19:5-20:24. Having carefully reviewed the first 20 pages of the transcript, the Court concludes that the only testimony arguably qualifying for redaction is the discussion of a new business transaction very recently entered into by plaintiff, which may for that reason be commercially sensitive. *See id*. at 4:19-5:3, 5:20-6:4. If plaintiff wishes to renew its sealing motion, with a more conservatively redacted transcript, it is directed to do so no later than **July 23, 2025**. In the

meantime, the Court will maintain the unredacted deposition transcript (Dkt. 54-1) – but not the over-redacted transcript (Dkt. 54-2) – under electronic seal.

The Clerk of Court is respectfully directed to close the motions at Dkts. 36, 47, and 53.

Dated: New York, NY  
       July 9, 2025

**SO ORDERED.**

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**