# KASOWITZ LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

Joshua A. Siegel
Direct Dial: (212) 506-1961
Direct Fax: (212) 500-3461
JSiegel@kasowitz.com

June 12, 2026

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__6/15/26__
```

**<u>Via ECF</u>**

Hon. Victor Marrero
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:   ***203 East Fordham LLC, et al. v. Jako Enterprises, LLC***, No. 1:24-cv-02264 (VM)

Dear Judge Marrero:

On behalf of plaintiffs 203 East Fordham LLC and Fordham Chera Acquisition LLC (collectively, "Plaintiffs"), we write pursuant to Rule II.H of Your Honor's Individual Practices to respectfully request that Exhibits NN and OO annexed to the Declaration of Joshua A. Siegel, Esq. submitted in support of Plaintiffs' Motion for Summary Judgment be sealed in their entirety (collectively the "Confidential Information").

In the Second Circuit, "redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006). In applying this precedent, courts weigh "heavily in favor of maintaining confidentiality and nondisclosure of . . . highly confidential information because the countervailing risk of competitive harm outweighs any possible weight given the presumption of public access." *Volino v. Progressive Cas. Ins. Co.*, 2023 WL 4636204, at \*3 (S.D.N.Y. July 20, 2023) (granting motion to seal competitively sensitive information about proprietary data because the moving party had an "important business interest" in keeping such information confidential and public disclosure would cause "competitive harm.").

Courts in this Circuit have also clarified that "a business's information need not be a 'true' trade secret in order to warrant protection from disclosure under Rule 26(c)." *In re Parmalat Sec. Litig.,* 258 F.R.D. 236, 244 (S.D.N.Y. 2009); *see Gelb v. Am. Tel. & Tel. Co.,* 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993). Trade secret law is nonetheless "instructive in gauging whether information constitutes sensitive business information that courts should shield from public scrutiny." *In re Parmalat*, 258 F.R.D. at 244 (citing *SEC v. TheStreet.com,* 273 F.3d 222, 231 n.10 (2d Cir. 2001)).

The Confidential Information consists of two <u>active</u> commercial leases (the "Mitigation Leases"), which Plaintiffs entered into with third-party retail tenants following Jako's repudiation of its obligation to take possession and pay rent as required by the commercial lease at issue in this

KASOWITZ LLP

Hon. Victor Marrero
June 12, 2026
Page 2

action. The Mitigation Leases have both been designated "Confidential" pursuant to the Confidentiality Stipulation and Protective Order entered in this action (Dkt. 17), and one of the Mitigation Leases includes its own confidentiality provision.

Plaintiffs seek sealing of the Mitigation Leases because they detail the manner in which Plaintiffs' business operates, which if required to be filed unsealed on the public docket, would reveal Plaintiffs' negotiations with current commercial tenants, the amount and terms of rent due for these active leases, and concessions and/or discounts given by the parties, among other things. Moreover, disclosure of this information would not only divulge the confidential information of the parties to the Mitigation Leases, but would also impact Plaintiffs' ability to negotiate with commercial tenants in the future. Courts routinely authorize the redaction of such competitively sensitive information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (courts may deny access to records that are "sources of business information that might harm a litigant's competitive standing."); *Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *7 (S.D.N.Y. Nov. 18, 2020) (sealing information that "could alter the Firm's competitive position in the consulting market"); *Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (redacting "[t]he financial information in [Verizon's] contracts," which "had no bearing on this Court's treatment" of the motions at issue); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (granting redactions of "sensitive customer contract information"); *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (redacting "specific contracts terms").

The Court's attention to this matter is greatly appreciated.

Respectfully submitted,

Joshua A. Siegel

cc:     Counsel of Record (via ECF)



Request **GRANTED**.

Plaintiffs' motion to file Exhibits NN and OO under seal is granted. The Exhibits shall remain under seal.

**SO ORDERED.**

6/15/26
DATE                    VICTOR MARRERO, U.S.D.J.